UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-80438-CIV-COHN/SELTZER

MICHAEL BRAUSER, an individual,
DRU SCHMITT, an individual, and
MICHAEL HERMAN, an individual

     Plaintiffs,
v.

SUNAIR SERVICES CORPORATION,
COCONUT PALM CAPITAL INVESTORS
II, LTD., and COCONUT PALM CAPITAL
INVESTORS II, INC.,

     Defendants.
_____/

## ORDER DENYING MOTION TO REMAND

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Remand [DE 10]. The Court has considered the Motion to Remand, Defendants' Response [DE 11], Plaintiffs' Reply [DE 15], the record in this case, and is otherwise advised in the premises.

On February 23, 2009, this action was commenced in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County Florida. On February 27, 2009, all three Defendants were served with process. On March 17, 2009, Defendant Sunair Services Corporation ("Sunair") filed a Notice of Removal [DE 1] to this Court based federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446. The Notice of Removal is premised on the fact that the Complaint alleges claims under the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a, *et seq.*

Plaintiffs argue that "[s]ince two of the three defendants did not consent to or join in on Sunair's removal, removal is not effective, and remand should be ordered."

(Motion to Remand at 2.) Defendants argue that the record demonstrates that Defendants Coconut Palm Capital Investors II, Ltd. and Coconut Palm Capital Investors II, Inc. (together, "Coconut Palm Defendants") consented to Sunair's Notice of Removal. (Response at 2.) The Defendants' arguments are well-taken.

On March 24, 2009, all three Defendants joined in the filing of Sunair Corporation's Motion to Dismiss [DE 4], which was filed within 30 days of service of the Complaint upon Defendants. Sunair's Motion to Dismiss articulates the same grounds that are raised in the Notice of Removal. "Plaintiffs effectively attempt to assert claims under the Securities Exchange Act, 15 U.S.C. §§ 78a, *et seq*. . . . . Such actions are within the exclusive jurisdiction of the federal district courts . . . ." (Sunair's Motion to Dismiss at 6-7.) Therefore, the Court finds that the Coconut Palm Defendants communicated timely and "unambiguous consent to removal directly to this Court." Noel v. Laclede Gas Co., 612 F. Supp. 2d 1051, 1056 (E.D. Mo. 2009) (denying motion to remand based on finding that defendant, by filing a motion to dismiss, manifested clear consent to removal of action from state court). Moreover, all three Defendants are represented by the same law firm. See Esposito v. Home Depot U.S.A., Inc., 436 F. Supp. 2d 343, 347 (D.R.I. 2006) (stating that the fact that defendants "are represented by the same counsel eliminates many of the concerns that drive the unanimity requirement"). Accordingly, the Court will deny Plaintiffs' Motion to Remand.

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand [DE 10] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this 6th day of July, 2009.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF