UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-80438-CIV-COHN/SELTZER

MICHAEL BRAUSER, an individual,
DRU SCHMITT, an individual, and
MICHAEL HERMAN, an individual

    Plaintiffs,
v.

SUNAIR SERVICES CORPORATION,
COCONUT PALM CAPITAL INVESTORS
II, LTD., and COCONUT PALM CAPITAL
INVESTORS II, INC.,

    Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss [DE 4]. The Court has considered the Motion to Dismiss, Plaintiffs' Response [DE 14], Defendants' Reply [DE 16], the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

On February 23, 2009, this action was commenced in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County Florida. On March 17, 2009, Defendant Sunair Services Corporation ("Sunair") filed a Notice of Removal [DE 1] to this Court based federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446.

Sunair is a publicly-traded Florida corporation that, through a wholly-owned subsidiary, provides lawn care services and pest control to residential and commercial customers. Plaintiffs are shareholders of Sunair who seek to replace Sunair's current

directors and officers.  Plaintiffs allege that in advance of Sunair's annual shareholder meeting held on March 18, 2009, at which Sunair's current directors were re-elected, Sunair distributed a proxy to its shareholders that contained misrepresentations and omissions regarding those directors.  Further, Plaintiffs allege that Sunair has denied them the ability to contact Sunair's shareholders regarding Plaintiffs' plan to remove Sunair's current directors and appoint new directors.

Plaintiffs bring three counts against the Defendants.  In Count One, Plaintiffs request that the Court order Defendants to tender to Plaintiffs a full and complete list of all Sunair's shareholders together with pre-addressed mailing labels.  In Count Two, Plaintiffs seek a declaratory judgment that certain voting proxies that Plaintiffs Brauser and Schmitt gave to Coconut Palm Capital Investors II, Ltd. and Coconut Palm Capital Investors II, Inc. are null and void.  In Count Three, Plaintiffs seek an injunction ordering Sunair to (1) cease and desist from disseminating false information to shareholders and the Securities and Exchange Commission; and (2) refrain from holding the March 18, 2009 shareholders' meeting.  Defendants have moved to dismiss all three counts.

## II.  LEGAL STANDARD

At this stage in the litigation, the Court must consider the allegations in the Complaint as true, and accept all reasonable inferences therefrom.  Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct.

1955, 1964-65 (2007) (citations omitted).  The Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### III.  ANALYSIS

As a threshold matter, Plaintiffs argue that Defendants' Motion to Dismiss is rendered moot because the action was improperly removed and, therefore, the matter should be remanded to state court.  (Response at 1.)  On July 6, 2009, this Court entered an Order Denying Motion to Remand [DE 17] and, therefore, Plaintiffs' argument is rendered moot.  In addition, Plaintiffs "concede that, since Sunair's March 18, 2009 Shareholders' Meeting was held, the relief they sought under Count III is now moot."  (Id. at 3.)

Plaintiffs argue that Count One remains valid because "Plaintiffs' right to a shareholders' list is not predicated upon the pendency of a shareholders' meeting; it can only be denied if the request is not made in good faith and for a proper purpose." (Response at 4) (citing Fla. Stat. § 607.1602(3)(a).)  In their Reply, Defendants argue that Count One is now moot because Plaintiffs "were permitted to inspect Sunair's list of shareholders at the shareholders' meeting."  (Reply at 3) (citing Troiano v. Supervisor of Elections in Palm Beach County, Fla., 382 F.3d 1276, 1282 (11th Cir. 2004) (class action brought against county elections supervisor based on failure to make auxiliary audio devices available in voting booths was rendered moot by county's subsequent installation of such devices); 10950 Retail, LLC v. Fulton County, Ga., 2008 WL 905988 (N.D. Ga. Mar. 31, 2008) ("A case becomes moot if events occurring subsequent to the

initiation of the lawsuit create a situation where the court is no longer able to provide the plaintiff with meaningful relief.")).

Defendants present a sound argument. However, it is based on bare allegations of Defendants' attorney rather than on evidence in the record. See Reid-Walen v. Hansen, 933 F.2d 1390, 1396 (8th Cir. 1991) ("The [Defendants] have not submitted any information or affidavits to support their conclusory allegations."); Hammann v. 1-800 Ideas.com, Inc., 455 F.Supp.2d 942, 961 n.3 (D. Minn. Sep 07, 2006). Therefore, if the parties cannot come to an agreement in light of this Order and the Court's Order Denying Motion to Remand, the Defendants should submit a motion for summary judgment which attaches evidence that demonstrates that Plaintiffs have been provided access to Sunair's list of shareholders. Accordingly, the Motion to Dismiss will be denied as to Count One.

With respect to Count Two, Defendants argue that "because the Court must dismiss Plaintiffs' claims in counts I and III, the Court should also dismiss Plaintiff Brauser and Schmitt's pendant state law claim in count II." (Motion at 11-12.) Again, Defendants are on solid footing. See Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004) (stating that the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial"). Moreover, Plaintiffs agree that Count Two "properly belongs in State Court where plaintiffs seek to have it remanded." (Response at 4.) Nevertheless, based on the Court's ruling as to Count One, Defendants' Motion to Dismiss must also be denied with respect to Count Two at this time.

## IV.  CONCLUSION

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss [DE 4] is **GRANTED in part** and **DENIED in part**.

    a. Defendants' Motion to Dismiss is granted as to Count Three.

    b. Defendants' Motion to Dismiss is denied as to Counts One and Two.  Such denial is **WITHOUT PREJUDICE** to refile a Motion for Summary Judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 10th day of August, 2009.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF